UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS P. DEROGATIS A/K/A
FRANK DEROGATIS

PLAINTIFF,

V. CASE NO.

VOWTEL, LLC,
A FLORIDA LIMITED
LIABILITY COMPANY, AND
DANIEL EDWARD RODGERS
(INDIVIDUALLY),

DEFENDANTS.
_________________________________/

## COMPLAINT

Plaintiff FRANCIS P. DEROGATIS A/K/A FRANK DEROGATIS ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendants VOWTEL, LLC, A FLORIDA LIMITED LIABILITY COMPANY, ("VOWtel") and DANIEL EDWARD RODGERS ("Defendant Rodgers") (jointly referred to as "Defendants"), and alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges that Defendants willfully and intentionally misclassified him as an independent contractor.

2. Plaintiff alleges that he is entitled to unpaid overtime premium compensation for overtime hours worked.

3. Plaintiff alleges Defendants intentionally and wrongfully withheld his final paycheck until he executed a restrictive covenants agreement.

**FACTS**

4. Plaintiff served as Vice President of Operations for VOWtel.

5. Plaintiff was the primary contact for all of VOWtel's clients that were part of the purchase transaction as well as new clients.

6. Defendant Rodgers is the CEO of VOWtel.

7. VOWtel provides voice-over internet technology to its customers,

primarily medical practices. It partners with its parent company, Med Co Data, LLC (MedCo"), which provides comprehensive data management services to the practices.

8. In or about 2017, MedCo purchased VOWtel from Plaintiff.

9. Following the purchase, Plaintiff stayed on as the Vice President of Operations.

10. Although Plaintiff performed services for VOWtel as its Vice President of Operations and was treated in substantial respects as an employee, VOWtel classified and paid Plaintiff as an independent contractor and issued him a Form 1099 rather than treating him as a W-2 employee.

11. Notwithstanding VOWtel's characterization of Plaintiff as an independent contractor, VOWtel provided Plaintiff with medical benefits associated with his work for the company.

12. Amounts attributable to those medical benefits were deducted from Plaintiff's compensation.

13. Throughout his relationship with VOWtel, Plaintiff performed work integral to VOWtel's business, including serving as the primary point of contact for customers, overseeing operations, and performing duties on behalf of VOWtel in connection with its ongoing business.

14. On or about October 2, 2023, the parties ended their working relationship.

15. At the conclusion of Plaintiff's employment, VOWtel withheld compensation otherwise due and owing to Plaintiff and refused to release his final paycheck unless and until he executed a restrictive covenant agreement.

16. As a direct result of VOWtel's wrongful threats and action of withholding Plaintiff's compensation, Plaintiff has no choice but to sign VOWtel's Confidentiality and Non-Solicitation Agreement dated October 23, 2023. After he signed said Agreement, only then did VOWtel finally release Plaintiff's final paycheck to him.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18. Defendants are subject to personal jurisdiction in the Middle District of Florida.

19. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed by Defendants in this District and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

20. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants maintain and transacts business in this District and the events giving rise to Plaintiff's claims occurred in this judicial district.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**(Misclassification and Unpaid Overtime)**

**29 U.S.C. § 201, et seq.**

21. Plaintiff re-alleges the allegations set forth in Paragraphs 1-21 above and incorporates same herein by reference.

22. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

23. Although Defendants classified Plaintiff as an independent contractor and compensated him on a Form 1099 basis, Plaintiff was an employee of Defendants within the meaning of the FLSA.

24. Plaintiff's designation as an independent contractor did not accurately reflect the economic realities of the parties' working relationship.

25. Among other things, Plaintiff performed work integral to Defendants' business, served as its Vice President of Operations, acted as the primary contact for VOWtel's clients, performed ongoing operational responsibilities on behalf of Defendants, and maintained a continuing working relationship with Defendants.

26. Defendants also provided Plaintiff with medical benefits in connection with his work for the company and deducted the cost of those benefits from Plaintiff's compensation, notwithstanding its characterization of Plaintiff as an independent contractor.

27. Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, VOWtel was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and/or Plaintiff was individually engaged in commerce or in the production of goods for commerce.

29. During Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks.

30. Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

31. The FLSA required Defendants to compensate Plaintiff at a rate of not less than one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. See 29 U.S.C. § 207(a).

32. Despite Plaintiff working more than forty (40) hours during one or more workweeks, Defendants failed and/or refused to pay Plaintiff the overtime compensation required by the FLSA.

33. Defendants knew or should have known that Plaintiff worked hours for which he was not properly compensated.

34. By improperly classifying Plaintiff as an independent contractor, Defendants failed to pay Plaintiff overtime compensation to which he was entitled as an employee under the FLSA.

35. Defendants' failure to properly compensate Plaintiff violated the overtime provisions of the FLSA, including 29 U.S.C. § 207.

36. Defendants' violations of the FLSA were willful because Defendants knew, or showed reckless disregard for whether, Plaintiff was properly classified and whether its compensation practices complied with the FLSA.

37. Defendants' provision of employment-related medical benefits to Plaintiff, its deduction of amounts for those benefits from Plaintiff's compensation, Plaintiff's position as Vice President of Operations, and the nature and continuity of Plaintiff's responsibilities further demonstrate that Plaintiff's working relationship with Defendants was that of an employee rather than a bona fide independent contractor.

38. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages consisting of unpaid overtime compensation in an amount to be proven at trial.

39. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**(Prompt-Payment Violation)**

**29 U.S.C. § 201, et seq.**

40. Plaintiff re-alleges the allegations set forth in Paragraphs 1-21 above and incorporates same herein by reference.

41. On or around October 2, 2023, the parties' working relationship terminated.

42. Upon termination of the parties' working relationship, Defendants withheld Plaintiff's final compensation and conditioned payment of those earned amounts upon Plaintiff's execution of a restrictive covenant agreement.

43. Defendants wrongfully withheld Plaintiff's final paycheck past the standard pay period.

44. Defendants released Plaintiff's final paycheck only after Plaintiff executed the requested agreement.

45. Defendants failed to make a timely payment of final wages in violation of the FLSA.

46. Pursuant to 29 U.S.C. § 206, Plaintiff is entitled to recover liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**COUNT III – CONVERSION**

47. Plaintiff re-alleges the allegations set forth in Paragraphs 1-21 above and incorporates same herein by reference.

48. In or around October 2023, Defendants intentionally and wrongfully withheld Plaintiff's final paycheck.

49. Defendants' wrongfully exercised control over Plaintiff's final paycheck until Plaintiff executed a restrictive covenant agreement.

50. Defendants' wrongful act constitutes an unauthorized taking of Plaintiff's property.

51. Defendants' wrongful act caused loss of the property until Plaintiff executed a restrictive covenant agreement.

52. Plaintiff is entitled to Plaintiff is entitled to recover nominal damages, loss of use, punitive damages, and all other relief available.

**COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

53. Plaintiff re-alleges the allegations set forth in Paragraphs 1-21 above and incorporates same herein by reference.

54. Defendants wrongfully and intentionally withheld Plaintiff's final pay and refused to release Plaintiff's earned wages until he executed a restrictive covenant agreement.

55. On or around October 2, 2023, the parties' working relationship terminated.

56. On or around October 23, 2023, the parties executed a restrictive covenant agreement.

57. Plaintiff only executed a restrictive covenant agreement under economic duress.

58. Defendants intentionally interfered with Plaintiff's foreseeable prospective business relationships.

59. Defendants knew or should have known that coercing Plaintiff to execute a restrictive covenant agreement would interfere with prospective business relationships.

60. As a result of Defendants' wrongful actions, Plaintiff suffered financial harm.

61. Plaintiff is entitled to recover compensatory damages, punitive damages, and all other relief available.

**WHEREFORE**

Plaintiff respectfully requests that judgment be entered in's favor and against Defendants for:

a. All unpaid overtime compensation due under the FLSA;

b. An equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. An equal amount of the Plaintiff's earned wages withheld as liquidated damages pursuant to 29 U.S.C. § 206;

d. Reasonable attorneys' fees and costs;

e. Prejudgment and post-judgment interest to the extent permitted by law;

f. Punitive damages for Defendants extreme and malicious behavior; and

g. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 21st day of September, 2026

Respectfully submitted,
SPIRE LAW, PLLC
400 Fontana Circle #105
Oviedo, FL 32765

By: *<u>/s/ Jesse I. Unruh</u>*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
By: *<u>/s/ Monica Monsalve-Burr</u>*
Monica Monsalve-Burr
Florida Bar No. 1031295
jesse@spirelawfirm.com
monica@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Plaintiff*